IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TISHA HENDERSON,                    §
          Plaintiff,            §
                                 §
v.                                  §     No. 3:24-cv-1670-D (BT)
                                 §
DONALD TRUMP,                       §
          Defendant.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Tisha Henderson sues former president Donald Trump, alleging that she is being "illegally stalked and harassed" by the United States. ECF No. 3 at 1. She also alleges that the United States is controlling her brain and eyesight without probable cause and that she has heard the Court "illegally talk" without probable cause. ECF No. 3 at 1. The Court should dismiss Henderson's complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standards and Analysis**

Because Henderson proceeds *in forma pauperis* (IFP), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

A review of Henderson's complaint shows that it fails to state a claim and is legally and factually frivolous. Henderson provides no substantive factual allegations from which the Court could discern a plausible cause of action. Rather, her allegations—that the Government is controlling her brain and eyesight and that she hears the Court "talk"—are fanciful and fantastic. Accordingly, her complaint should be dismissed with prejudice as frivolous. *Johnson v. Drug Enf't Agency*, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegations that the DEA implanted a transmitter in his scalp) (further similar citations omitted)); *see also Scott v. FBI Louisville KY Headquarters*, 2024 WL 2140232, at *2 (W.D. Ky. May 13, 2024) ("The Court also concludes that this action must be dismissed as frivolous because Plaintiff's claim that law enforcement officials placed a

listening device in his ear to speak to him and hear his thoughts is fantastic and delusional."); *Miller v. F.B.I.*, 2019 WL 13251060, at *1 (S.D. Tex. Apr. 17, 2019) ("Plaintiff's allegation that a transmitter or microchip has been covertly implanted in his body by the government for the purpose of improper surveillance is the sort of claim that courts routinely dismiss as factually frivolous.") (citing *Dodson v. Haley*, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (dismissing as frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body).

### Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before her case is dismissed, but leave is not required when she has already pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed, Henderson's allegations are patently frivolous. Based on the most deferential review of her complaint, it is unlikely that, given the opportunity, she could allege plausible legal claims. Thus, granting leave to amend would be futile and cause needless delay.

### Recommendation

The Court should dismiss this lawsuit with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

October 7,  2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.